L. Edsel KILDAY, et al., Plaintiffs,

v.

ECONO–TRAVEL MOTOR HOTEL CORPORATION, Defendant.

No. CIV–2–80–121.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 5, 1981.

William Nunnally and Jerry W. Laughlin, Greeneville, Tenn., for plaintiffs.

N. R. Coleman, Jr., Thomas L. Kilday, Greeneville, Tenn., and J. Gray Lawrence, Jr., Norfolk, Va., for defendant.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

Having considered *de novo* those portions of the report and recommendation of a magistrate herein of February 12, 1981, to which a timely written objection was served and filed, the undersigned judge hereby ACCEPTS such recommendation in its entirety. 28 U.S.C. § 636(b)(1). The plaintiffs object to the recommendation, that the Court dismiss their claim under count III of the complaint for its failure to state a claim upon which relief can be granted.

By that count, the plaintiffs allege that the defendant breached the written contract of the parties by failing to require franchisees, other than the plaintiffs, to comply with the defendant's standards of quality, maintenance and cleanliness. The provisions of the written contract entered into between these parties do not support such a claim.

The recitals of the contract, upon which the plaintiffs rely, indicate only the background of the contract; they are not a part of the agreement between the parties and lack the force of contractual stipulations. 17 Am.Jur.(2d) 676, Contracts § 268. The real terms of the agreement are set forth in the language that follows the recitals.

This gist of § 4 a. of the contract, also relied upon by the plaintiffs, is that the defendant would have the right to require the facility of the plaintiffs to conform to the standards established by the defendant. Although there is some language in this provision which, if read in isolation, might tend to support the contention of the plaintiffs, when read in its context, as it must be, such does not appear to obligate the defendant to require all its franchisees to conform to the standards required of the plaintiffs.

The defendant objects to the failure of the magistrate to recommend the dismissal of count II of the complaint, on the ground that it fails to state a claim upon which relief can be granted. It is somewhat strange that the plaintiffs, who are apparently intelligent businessmen, would enter into a written contract and then, some 7 years afterward, seek to rescind it on the ground that same failed for lack of an adequate consideration.

Nevertheless, whether the plaintiffs are barred by waiver or laches is a matter to be decided at trial. Furthermore, although the allegations of the plaintiffs are inconsistent, in that they seek the rescission of their contract and at the same time appear to seek the recovery of damages for its breach,* a certain degree of inconsistent pleading is permissible. *See* 8(e)(2), Federal Rules of Civil Procedure. It may be that the plaintiffs will be required to make an election of their remedies, but this would not justify the dismissal of count II of the complaint herein.

---

* " * * * As a general thing, the effect of a rescission is to extinguish the contract and to annihilate it so effectively that in contemplation of law it has never had any existence, even for the purpose of being broken. Accordingly, it has been said that a lawful rescission of an agreement puts an end to it for all purposes, not only to preclude the recovery of the contract price, but also to prevent the recovery of damages for breach of the contract. * * * " 17 Am.Jur.(2d) 1002, Contracts § 516.

Accordingly, as to the claims of the plaintiffs asserted in counts III, IV and V only, the motion of the defendant hereby is GRANTED, and such claims hereby are

DISMISSED for the failure of the plaintiffs to state a claim in those respects on which relief can be granted.